1  JESSICA L. LINEHAN (SBN 223569)
   linehan.jessica@dorsey.com
2  JUDY T. SHA (SBN 261432)
   sha.judy@dorsey.com
3  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
4  Costa Mesa, CA 92626
   Telephone:  (714) 800-1400
5  Facsimile:  (714) 800-1499

6  Attorneys for Defendant
   VALEANT PHARMACEUTICALS NORTH
7  AMERICA, LLC

8  NEIL PEDERSEN, SBN 139262
     npedersen@pedersenlaw.com
9  TERESA A. MCQUEEN, SBN 225094
     tamcqueen@pedersenlaw.com
10 **PEDERSEN McQUEEN, APLC**
   17910 Skypark Circle, Ste. 105
11 Irvine, CA  92614
   Telephone:   (949) 260-1181
12 Facsimile:    (949) 260-1185

13 Attorneys for Plaintiff NANCY HUIPIO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HUIPIO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS NORTH AMERICA, LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO:  5:15-cv-1488-VAP(SPx)<br><br>[San Bernardino Superior Court Case No. CIVDS1507072]<br><br>**JOINT RULE 26(f) REPORT**<br><br>**[Fed. R. Civ. Proc. 26(f); L.R.26]**<br><br><br>Action Filed:  May 21, 2015<br>Trial Date:  Not Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff NANCY HUIPIO ("Plaintiff") and Defendant VALEANT PHARMACEUTICALS NORTH AMERICA, LLC. ("Defendant"), hereby submit the following Joint Rule 26(f) Report.

### A. Early Meeting of Counsel

Plaintiff and Defendant (collectively, the "Parties") conducted the early meeting of counsel on September 9, 2015, and submit this report and the attached Proposed Schedule of Pre-Trial and Trial Dates, as **Exhibit A** based on that early meeting of counsel.

### B. Statement of the Case

**Plaintiff's One-Page Statement:**

This is an employment action alleging discriminatory discharge on the basis of a physical disability in violation of the California Fair Employment and Housing Act (the "FEHA") and of public policy. Plaintiff alleges, inter alia, Defendants engaged in disability discrimination, failed to reasonably accommodate Plaintiff's actual or perceived disability, retaliated and discriminated against Plaintiff based upon Plaintiff's actual or perceived disability, failed to prevent discrimination and retaliation, and failed to engage in a timely good-faith interactive process.

In June 2008, after working as a temp employee for approximately one year, Nancy became a full-time employee of Valeant with the job title of Laboratory Technician. Nancy received regular promotions and raises during her employment at Valeant and by May 2014 she held the title Manufacturing Lead.

On May 12, 2014 Nancy suffered a workplace injury. She was placed off work for two days and given a follow up appointment date two days later. Between her own physician and the company's physician Nancy was taken off of work for approximately two months. Valeant was provided both off work notices. After two months the company's physician returned Nancy to work. However, still in substantial pain, Nancy sought the help of a workers compensation attorney and her private physician. She was taken off work for an additional month by her private physician and again provided Valeant the off work note.

On or around September 2014 Nancy was diagnosed with three dislocated disks in her back and released to return to work with certain restrictions. When Valeant was informed of the restrictions it told Nancy to stay at home and gave her a return to work or be terminated deadline of October or November of 2014.

On or about November 11, 2014, Nancy's physician released her to return to work with reduced restrictions. The restrictions stated by the physician were such that Nancy could perform all of the essential functions of her regular job but he informed her that she would have to not be able to sit for more than two hours at a time. Nancy's job did not require her to sit for more than two hours at a time. Nancy emailed the doctor's note to Valeant immediately and followed up by sending another email the next day asking if anything else needed to be done by her. The email was copied to her supervisor.

After the supervisor received Nancy's email he sent a response to Valeant on which Nancy was apparently mistakenly copied asking, "What are my choices?" When Nancy responded to this email asking for clarification, no one responded to her. In follow up attempts to communicate with Valeant by phone Nancy was told to "hold tight" the company was still trying to figure out if she could be accommodated or if she would have to go on long-term disability. In response to a question from Valeant, Nancy told the company she would know whether her restrictions would be removed at her next doctor's appointment in December 2014.

Shortly thereafter Nancy was told by Valeant she could not be accommodated because the restrictions stated she could not stand for more than an hour. Nancy told Valeant that was a mistake that she could stand for more than an hour, the only thing she couldn't do was sit for more than two hours. Nancy told Valeant that she could have it corrected, because she knew the restriction was incorrect. Valeant told Nancy that pursuant to the unilaterally set deadline she was supposed to return to work that day, so as of that day, since she could not be accommodated, "as of now, you are terminated." Valeant told Nancy once her restrictions were off, she could re-apply for a job.

Nancy immediately asked her doctor to correct the restriction so it reflected her ability to stand for more than an hour. The doctor did so, and Nancy immediately emailed Valeant the corrected restriction informing them of the correction and asking for her job back. Nancy has never received a reply to her emails asking for her job back. On March 3, 2015, Nancy exhausted her administrative remedies by filing a claim with the California Department of Fair Employment and Housing and received a Notice of Case Closure and Right-to-Sue letter.

**Defendant's One-Page Statement:**

Plaintiff was employed as a manufacturing lead at an approximately thirty-employee manufacturing location. On May 13, 2014, Plaintiff alleges she suffered a back strain while on the job. Plaintiff filed a workers' compensation claim on May 19, 2014. She subsequently filed for short term disability benefits.

In June 2014, Defendant's industrial medicine facility returned Plaintiff to full duty. Shortly thereafter, however, Plaintiff's primary care physician placed her off of work. Plaintiff's return to work date was extended multiple times, and Defendant accommodated all extensions.

Indeed, Plaintiff ultimately stayed off of work for over 180 days as a result of this back strain. As of August 2014, Plaintiff had exhausted her twelve weeks of leave under the Family and Medical Leave Act; however, Defendant continued to accommodate Plaintiff by holding her position for over 180 days. At the end of this leave period, Plaintiff remained unable to return to her position in a full capacity, and instead was released subject to myriad restrictions that could not be reasonably accommodated in that role.

On November 12, 2014, Plaintiff was converted to Long Term Disability status through Defendant's long term disability insurance carrier, Liberty Mutual. Defendant denies that it acted with any discriminatory animus toward Plaintiff as a result of her alleged disability, that it retaliated against her in any way, or that her termination was in violation of public policy. Moreover, after having engaged in regular communication with Plaintiff regarding her leave (and extensions thereto), and accommodating Plaintiff's request for leave for over 180 days, Defendant denies that it failed to engage in an interactive process with Plaintiff or that it failed to reasonably accommodate her.

**C.   Statement of Jurisdiction [L.R. 37.1]**

On May 21, 2015, Plaintiff filed a complaint in San Bernardino County Superior Court, containing two causes of action: (1) violation of the California Fair Employment and Housing Act (Government Code section 12940 *et seq*.); and (2) wrongful termination in violation of public policy. Defendant was not served with the complaint until June 25, 2015.

      Then on July 23, 2015, Defendant filed its Answer to Plaintiff's Complaint in state court.  Subsequently, on July 24, 2015, Defendant invoked this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 and 1441(b) by removing this action from state court to federal court pursuant to 28 U.S.C. section 1446(b).  Removal was proper on the following grounds:  (1) complete diversity of citizenship exists between the Parties; and (2) Plaintiff's Complaint seeks damages in excess of $75,000.

      This matter was reassigned to the Honorable Virginia A. Phillips, the United States District Court, Central District of California (5:15-cv-01488-VAP(SPx)) (hereinafter "Action").  On July 29, 2015, the Parties received an Order Setting Scheduling Conference, wherein the Court set a Scheduling Conference for September 14, 2015 and instructed the parties to meet the deadlines set forth in FRCP 26(f) and L.R. 26-1.  On July 30, 2015, the parties submitted a Stipulation to Continue Scheduling Conference on the basis the Scheduling Conference falls on a religious holiday.  On August 3, 2015, the Court continued the September 14, 2015 Scheduling Conference to September 28, 2015 based on the stipulation submitted to the Court.

    **D.**    <u>**Damages**</u>

**Plaintiff's Position:**

      Plaintiff seeks back pay, front pay, emotional distress, punitive damages, and for attorney fees calculated by lode star analysis in post trial proceedings and for costs of suit to be determined in post trial proceedings.

**Defendant's Position:**

      Defendant disputes each and every claim of damages alleged and demanded by Plaintiff.  Defendant also denies Plaintiff was damaged as a result of any conduct by Defendant.

    **E.**    <u>**Motions**</u>

    **Plaintiff's Position:**

     Presently, the Plaintiff does not anticipate the filing of any pre-trial motions.

    **Defendant's Position:**

Defendant believes Plaintiff's claims are appropriate for summary judgment, and will seek a defense verdict at that stage or at trial. If this case proceeds to trial, Defendant anticipates a need for motions *in limine*.

### F. Complex Litigation [L.R. 26-1]

The Parties agree this is not a complex case that requires all or any part of the Manual for Complex Litigation to be utilized.

### G. Status of Discovery

The Parties agreed to make the disclosures required under Rule 26(f) on September 28, 2015. The Parties have not yet engaged in any formal discovery.

### H. Discovery Plan

The Parties agreed to make the disclosures required under Rule 26(f) on September 28, 2015. The Parties agree the requirement for Initial Disclosures under Rule 26(a)(1) will be satisfied on or before that date, when the Parties will exchange the information required in Rule 26(a)(1)(A) and (B).

**Plaintiff's Discovery Plan:**

Plaintiff plans to serve her first salvo of discovery to ascertain the general universe of facts, witnesses, and documents, including employment records. The discovery will include contention interrogatories, requests for admission, and document demands. Next, plaintiff will serve, as necessary, discovery focused on particular emerging issues according to the pleadings and Defendant's initial disclosures, discovery responses, and depositions. Plaintiff anticipates deposing the witnesses who communicated with Plaintiff about her disability and work restrictions, those persons involved in the decision-making process related to her termination, and other relevant witnesses and persons most qualified on other relevant topics.

**Defendant's Discovery Plan:**

While it is difficult to comprehensively list the subjects for discovery at this early stage, the subjects of Defendant's discovery include, but are not limited to : (1) conduct which Plaintiff believes supports her allegation of discrimination based on her alleged disability, (2) whether the conduct alleged against Defendant constitutes discrimination or failure to prevent discrimination, (3) whether there is any causal connection between

any protected conduct or status alleged by Plaintiff and any adverse action taken against her, (4) whether Plaintiff suffered from a disability, (5) whether Plaintiff was able to perform her essential job functions with or without reasonable accommodations, (6) the manner in which the Parties engaged in the interactive process, (7) whether Plaintiff's separation of employment constitutes a wrongful termination in violation of public policy, (8) whether Plaintiff has any evidence to support her underlying claims, (9) whether Plaintiff suffered any damages as a result of discrimination, harassment and/or retaliation she purportedly suffered based on her alleged disability, (10) whether Plaintiff adequately mitigated damages, and (11) whether Plaintiff's evidence supports her alleged damages. Defendant reserves its right to conduct additional discovery depending on facts and information revealed during the discovery, and the aforementioned list is not exhaustive of the scope of Defendant's discovery.

The Parties agree the Federal Rules of Civil Procedure will govern discovery in this action.  Should additional discovery beyond what is allowable under the Federal Rules of Civil Procedure be necessary, the Parties agree to meet and confer in good faith to resolve the issues.  Should the Parties be unable to resolve discovery issues, both Parties reserve their right to bring matters before the Court.  The Parties do not anticipate any issues as to the disclosure or discovery of electronic information and will meet and confer as to the form of disclosure if necessary.

Defendant's anticipated methods of any additional discovery may include the propounding of written and document discovery, the taking of oral deposition of Plaintiff and any other relevant party-affiliated and/or percipient witnesses identified by Plaintiff.   The Parties anticipate calling expert witnesses at the time of trial in this matter and proposes the timing for disclosure of expert witnesses and information required by Rule 26(a)(2) based on the proposed trial date of, as set forth in Attachment A hereto.

**I.     Discovery Cut-Off**

The Parties agree discovery need not be conducted in phases, and propose a discovery cut-off date of February 5, 2014, based on the proposed trial date of June 3, 2014.

### J. Dispositive Motions [L.R. 26-1]

**Plaintiff's Position:**

Presently, the Plaintiff does not anticipate the filing of any pre-trial motions other than motions in limine dependent on the development of issues through the discovery process.

**Defendant's Position:**

Defendant contends that the viability of Plaintiff's claims may be determined by a motion for summary judgment and/or summary adjudication. Defendant contends there are no genuine issues of material fact and Plaintiff's claims fail as a matter of law. Defendant anticipates noticing dispositive motions in accordance with the motion cut-off deadline set forth herein. Defendant anticipates the possibility of bringing motions *in limine*; however, due to the early stage of the case, Defendant cannot yet anticipate the grounds for these motions at this time. In the event of any discovery disputes, Defendant reserves the right to proceed with the appropriate motion, though whether any such motions will be necessary or their content is currently unknown.

### K. Settlement/Other Matters [L.R. 26-1]

Pursuant to Local Rule 16-15.4, the Parties elect Settlement Procedure No. 2. In addition, the Parties may engage in informal preliminary settlement discussions, before or after participating in mediation pursuant to Settlement Procedure No. 2.

### L. Trial Estimate

Plaintiff has requested a jury trial, but Defendant would prefer a court trial. The Defendant estimates that a trial of this case will take 4-6 days. Plaintiff estimates that a trial of this case will take 5-7 days.

### M. Trial Counsel

The Parties will be represented at trial by the counsel identified on the caption of this joint report.

### N. Independent Expert or Master

The Parties do not anticipate that an independent scientific expert or master will be necessary for this case.

**O.** **Additional Parties [L.R. 26-1]**

The Parties do not anticipate adding any additional parties at this time.

**P.** **Other Issues**

Defendant may seek the entry of a confidentiality order to protect the confidentiality of certain sensitive and/or private or proprietary information. Defendant's counsel will send to Plaintiff's counsel for review a draft stipulation for entry of such a protective order. Other than the possibility of such a confidentiality order, the Parties are currently unaware of any other necessary orders or other issues.

DATED: September 22, 2015        DORSEY & WHITNEY LLP

By: */s/ Jessica L. Linehan*
Jessica L. Linehan
Attorneys for Defendant VALEANT
PHARMACEUTICALS NORTH
AMERICA, LLC

Dated: September 22, 2015        **PEDERSEN MCQUEEN, APLC**

By: */s/ Teresa A. McQueen*
Teresa A. McQueen
Attorneys for Plaintiff

**EXHIBIT A**

Case Name:	Nancy Huipio, Plaintiff

	Valeant Pharmaceuticals North America, LLC, Defendant

Case No:	5:15-CV-1488-VAP(SPX)

| Matter | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|
| Trial Date (Tuesday) Jury ☐ Court ☐ Length: ____ Days | Jury trial on or about June 14, 2016.  Length: 7 days. | Non-Jury trial on or about June 14, 2016.  Length: 6 days. | |
| Pretrial Conf., L.R. 16; Hearing on Motions in Limine | May 31, 2016 | May 31, 2016 | |
| Last day to conduct Settlement Conf., L.R. 16-15 | May 16, 2016 | May 16, 2016 | |
| Last day for hearing non-discovery motions | May 24, 2016 | May 24, 2016 | |
| All Discovery Cutoff, including hearing all discovery motions | May 13, 2014 | May 13, 2014 | |
| Expert Disclosure (rebuttal) | April 15, 2016 | April 15, 2016 | |
| Expert Disclosure (initial) | March 16, 2016 | March 16, 2016 | |
| Last day to amend pleadings or add parties | April 14, 2016 | April 14, 2016 | |
| Last day for filing motion for class certification (if applicable) | Not applicable | Not applicable | |
| Hearing on motion for class certification (if applicable) | Not applicable | Not applicable | |

Local Rule 16-15 Settlement Choice:

☐   U.S. Magistrate Judge (#1)

■   Attorney Settlement Officer Panel (#2)

☐   Outside ADR (#3)